## C. B. Summar *v.* R. L. Owen, *et als.*, and Wm. Barton *v.* R. L. Owen, *et als.*

1. Deeds. *Wills. What will not set aside.* A father, after disposing of much of his estate by will, deeded certain property to his son's wife for life, with remainder to her children. A bill being filed by dissatisfied heirs, an agreement by all concerned was entered upon the minutes of the Court, to be its decree, annulling the will and deed of the testator, and making an equal division among the representatives, but settling the son's share upon his wife and children. The children not being parties to the bill, and the wife having entered into the agreement without privy examination, it is void, and leaves the wife and children vested with the property under the deed.

2. Same. *Same. Evidence.* The deed and will being properly executed, it was error to reject them as evidence in an attachment suit by the creditors of the son seeking to set up an interest in him under the agreement subject to their claim, insisting that the settlement upon his wife and children was fraudulent, after the property descended to him, by annulling the deed of his father to his wife and children.

---

### FROM CANNON.

---

Appeal from the Chancery Court. B. M. Tillman, Chancellor.

No briefs appear for attorneys.

Nicholson, C. J., delivered the opinion of the Court.

Complainants in these consolidated causes are judgment creditors of R. L. Owen, and file their bills to subject his interest in the estate of his father, Fountain Owen, deceased, to the satisfaction of their judgments. Fountain Owen died in Cannon County, in July, 1866,

having made his will, which was duly proven and recorded. He was the owner of a large real estate, most of which he divided among his children by deeds executed about the time he made his will. Among his children was defendant, R. L. Owen; and to his wife for life, with remainder to the children of his son, he conveyed 250 acres of land. The deed was executed in the presence of two subscribing witnesses, who proved it soon after his death, when it was admitted to registration. Several of the children of Fountain Owen, being dissatisfied with the division of his estate, made by his will and several deeds, filed their bill in the Chancery Court at Woodbury, against R. L. Owen and his wife, and another son-in-law and his wife, alleging that it was the wish and purpose of their father to make an equal division of his estate, but that, under the undue influence of his wife, he was induced to make his will, and the several deeds, and thereby to do injustice to a portion of his children, and praying that the will and deed be set aside, and his estate be divided equally. After this bill was filed, all the children, including the wives of his sons and his widow, except a minor daughter, entered into an arrangement, by which the will and deeds were to be set aside, advancements ascertained for the lands and other property sold, and the proceeds divided equally among them, giving to the widow a child's part, and settling R. L. Owen's share on his wife and children.

This agreement was to be made the decree of the

Court.   It was spread upon the minutes of the Court,
but no decree ratifying it, or making it the decree of
the Court, was rendered.   Complainants insist in their
bills, that by virtue of this agreement, and its entry
on the minutes of the Court, it became a decree thereof,
by which the will and deeds were annulled, and that
thereupon Fountain Owen's estate descended to his chil-
dren, by which means R.  L.  Owen became entitled to
a distributive share, subject to their judgments, and
that so much of the agreement and decree as settled
the portion which would fall to R.  L.  Owen, on his
wife and children, was fraudulent as against his
creditors.

The Chancellor so held, excluding the deed made
to R. L. Owen's wife and children, as evidence, on
the ground that it was not stamped, and also because
it was not properly proved for registration.   The
children of R. L. Owen were not parties to the bill
filed to set aside the will and deeds, nor to the agree-
ment for setting them aside, nor are they parties to
the bills filed by complainants.

Upon these facts, did R.  L.  Owen have such
an interest in the estate of Fountain Owen as
could be reached by the bill of complainants.   They
are creditors of R. L. Owen, not of Fountain Owen.
It was, therefore, immaterial to them whether the deed
made by Fountain Owen to the wife and children of
R. L. Owen was properly registered or not.   But the
certificate of the Clerk is in substantial conformity
with the law to authorize its registration.   The witnesses

say that it was acknowledged by the grantor in their presence, for the purposes therein stated. This was sufficient to make it evidence in the cause. The will was properly probated and recorded, and no exception is taken to the regularity of the proceedings.

The agreement entered into by the children, except the minor daughter, was signed by the daughters-in-law, but no privy examination was had. It is clear that as to the wife and children of R. L. Owen, the agreement was a nullity, and it derives no force or efficacy from the fact that it was spread upon the minutes of the Court, nor would it have been of any more validity if it had been ratified as the decree of the Court. It shows on its face that it was signed by R. L. Owen's wife, without her privy examination. It need not be stated that the will of Fountain Owen could not be set aside by such proceeding. It follows, that as to anything that appears in this, the will of Fountain Owen is yet in full force, and so also is the deed made by him to R. L. Owen's wife and children, and, consequently, that R. L. Owen has no interest subject to attachment.

The decree of the Chancellor is reversed, and the bills dismissed with costs.